Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. This is Judge Bill Pryor. Judge Grant and I are pleased to have our colleague from the Middle District of Florida, Judge John Anton, assist us with our work this morning and this week. Judge Anton, in addition to having a distinguished career in the Middle District, is elected a couple of years ago to take senior status and we're grateful for his willingness to continue to work for free for the American people. The federal judiciary heavily depends on the assistance of our senior judges and our work would literally grind to a halt without their service and so we especially appreciate his willingness to assist our court again this week with our work in addition to the work that he does on the Middle District of Florida. So thank you, Judge Anton. We have two cases to hear this morning. Two other cases have been submitted on the briefs. The two cases we will hear this morning will be United States v. Henry and then Hickman v. The Spirit of Athens, Alabama. We'll start with United States v. Henry. Ms. Lund, are you ready? Yes, Your Honor. You may begin. Good morning, Your Honor. This is Mackenzie Lund appearing on behalf of the appellant, Mr. Christopher Henry. May it please the court? Although the sentencing guidelines are advisory, the district court's obligation to correctly calculate and consider the guidelines is not. When the requirements of 5G 1.3b are met, the result is clear. The district court is required to adjust the defendant's sentence as part of its calculation of the guidelines under 1B 1.1a.8. If the court fails to do so, it has incorrectly calculated the guideline sentence and committed a procedural error. This error cannot be deemed- Ms. Lund, I wonder if your argument is actually a little bit better than how you're putting it. Here's my thinking about this. I think we've twice held that this reduction must be made by a sentencing court, but it seems to me that this is not part of the calculation of the guideline range which the Booker remedial opinion made advisory because of the Sixth Amendment problems. After a sentence has been determined and the district court has determined whether to sentence within the guideline range, this provision of the guidelines, it seems to me, is mandatory and requires the reduction of the sentence, the credit for the other time served. Is that not really the better reading of this? Your Honor, I'm certainly agreeable to that reading of 5G 1.3b. I think Your Honor is correct to point out that in Gonzales-Morillo, this court specifically held that 5G 1.3b is a mandatory adjustment, not a discretionary departure. As a result, the sentencing court must apply it when the requirements of 5G 1.3b are met. I think it's very clear and I'm not even sure- But you can't apply it, right? You can't apply it until you've actually determined what the sentence is. Isn't that right? That certainly seems to be what the application notes seem to suggest. I'm talking about application note 2d, which illustrates how to apply this and sort of how things went awry in this case. Yeah, it seems to me that the problem here, at least from my perspective, I can only speak for me, is that Judge Watkins appears to be under the impression that everything now about the guidelines manual is advisory. I'm not sure that's right. There's no Sixth Amendment problem with the application of this provision in a mandatory fashion because it only serves to reduce a sentence, or at least reduce the time served on a sentence. That's exactly correct, Your Honor. In this case, the court calculates the guideline range of 120 months under 1B 1.187, but then it just wholly fails to consider or apply 5G 1.3b. As a result, the court determined that 108 months was the appropriate total sentence without realizing that it was necessary to apply 5G 1.3 to achieve this result. Effectively, Mr. Henry will be serving 108 months starting at the date of the federal sentencing hearing. And so I think really by failing to look at 5G 1.3b, the court has deprived Mr. Henry of an important procedural safeguard designed to prevent a defendant from having the length of his sentence multiplied by duplicative consideration of the same criminal conduct. Counsel, is there any way in your view that the court could have justified a 108-month sentence? Well, I mean, not under the reading that Your Honor just previously was. I mean, if this is 24 months from 120, and that's the absolute most you can get to if it is indeed a mandatory adjustment. And what do we know about the order of things that the judge is supposed to go through such that I personally find it most likely that the adjustment needs to be made to the earlier guideline range? What is it in the guidelines that determines the order of these steps in your view? Your Honor, it's 1B1.1a specifically sets out the order the court needs to go through. And then we're viewing 1B1.1a through the gloss of Gonzales-Morillo, which tells us this is indeed mandatory. So then all of the, I guess, all of the 5G factors are considered in the same step of 1.1B, right? That's correct, Your Honor. And do we assume that those go through in order? Well, I mean, I think they're all just about equally mandatory. I mean, the government's argument that this is not a reviewable claim of procedural error is a structural one. I mean, it effectively argues that this is not reviewable because it's under 1B1.1a8 rather than 1B1.1a1 7. But I mean, if that's true for 5G1.3b, then it is also true for all of Part G, including 5G1.1 and 5G1.3. So not only does that not make any sense, but there's no support for that conclusion anywhere in this court's precedent. And frankly, the court is not at liberty to just So I think it makes sense that, you know, 5G1.3b could be treated, you know, similarly to these other provisions. If you look at the commentary to 5G1.3 in Note 2, capital D, the commentary gives an example of a defendant with a guideline range of 12 to 18 months who has already served six months on a nine-month state sentence for related conduct. And then once the court determines, in this example, that 13 months provides the appropriate total punishment, the commentary explains the court should then impose a sentence of seven months to run concurrently with the three months remaining in the defendant's state sentence. So the seven-month sentence, which is adjusted for the six months already served, achieves the total punishment of 13 months. I think that commentary makes it very clear this is an adjustment that is made after the court has determined what the appropriate sentence is. That's correct, Your Honor. I mean, I think the commentary is clear that this is, you know, how this is envisioned to apply. And it's clear that this did not happen in this case because the district court failed in its obligation to apply the 5G1.3 adjustment. Instead, it went to the, it determined the appropriate total sentence, but then failed in its obligation to consider the sentencing requirements in 5G, which, as we've discussed, is either a mandatory adjustment, or even if it's not, it's, at worst, a required step as part of the district court's calculation of the guideline sentence under 1B1.1A8. Well, the problem with that argument is then that you run into the district court's, I mean, the government's argument about this being a harmless error. You know, if it's clear what the district court just wanted to do was impose this as the total sentence, and if this provision is advisory, then it would have the authority to do that. But the problem with that, of course, is it runs into not only Gonzales-Murillo, where we said that this provision is mandatory, but United States v. Knight several years earlier, but still post-Booker, where we vacated and remanded for resentencing, where district court refused to adjust the sentence or failed to adjust the sentence for the defendants, you know, Tom served in state custody, right? I agree, Your Honor. I do have a response for, you know, why this would not be harmless if it is part of the guideline calculation and not a mandatory adjustment, but if this court is inclined to consider it, what's that? What is that argument? Well, Your Honor, an error in the district court's calculation of the guidelines requires reversal unless it is clear from the record as a whole that the error did not affect the court's selection of the appropriate sentence. And the court's failure to consider the 5G 1.3 cannot be deemed harmless because it is not clear that the court would have imposed the same 108-month sentence had it understood that Mr. Henry would not receive credit for any of the 24 months he spent in state custody prior to his federal sentencing hearing. And I would direct the court's attention specifically to page 25 of the sentencing transcript. The court explains to Mr. Henry that it had selected a sentence of 108 months concurrent because, and I'm going to quote here, in other words, every day that you're serving and have served counts against your federal time. So when the court is imposing a sentence of 108 months, it's believing that he's... Two minutes remaining. It believes that Mr. Henry would get credit from the BOP and effectively Mr. Henry would serve 108 months minus the 24 months he'd spent in state custody. But, I mean, this is just not true. He could not get concurrent time toward his federal sentence until it had been imposed. And the BOP could not grant that time because Mr. Henry's getting credit for that 24 months from the state. So effectively, since the court did not consider the requirements of 5G1.3b, it did not realize that Mr. Henry would not receive credit for the 24 months he had already served in state custody. So, I mean, frankly, on this record, I don't think, you know, even assuming that this is part of the guidelines calculation subject to harmless error review, I don't think on this record we can say it's harmless. Counsel, this may take over your time, but I hope Judge Pryor will be generous enough to allow that. Would you agree that Section 5G1.2 is similar in its mandatory nature? It deals with consecutive sentences, sentencing on multiple counts of conviction. It has some of the same language. Are you familiar with that section? I'm familiar with it generally, but my memory of 5G1.2 is that it sometimes uses the mandatory shawl and sometimes uses the permissive may, unless I'm thinking of... So, but I do think it would be similar, Your Honor, because structurally it's also part of 5G, but... The reason I ask is that it's my understanding, and this obviously wouldn't, this obviously wouldn't be binding on us, but it's my understanding that a few other circuits have determined that 5G1.2D's instructions regarding concurrent and consecutive sentences are advisory after Booker. Do you have, are you familiar with Jarvis' case or the Hollis' case? I'm not familiar, Your Honor. It seems I've run out of time. I can either attempt to answer... No, no, no. No, no, no problem. If you're not familiar, I was just wondering. We've taken you in a different direction anyway than you perhaps expected, so no surprise you haven't used those cases. All right. Thank you, Your Honor. Okay. Mr. Fudd, you've still got two minutes for rebuttal, so we'll now hear from Mr. Govan for the government. Thank you, Your Honor. May it please the court, I am Thomas Govan, representing the United States. The district court properly calculated Mr. Henry's guideline range and properly considered the guidelines in reaching its ultimate sentencing determination, and even if the district court erred in applying 5G1.3B, that error would be harmless because the district court made clear that... Not if it's mandatory. Not if it's mandatory. Not under my reading. Well, if it's mandatory, Your Honor, if the court holds that and this is a procedural error... It didn't go, Gonzales-Merrill hold that. We said that it was mandatory. Yes, Your Honor, in that context, but the government believes that is distinguishable. Again, Gonzales-Merrill was in a different procedural posture than this particular case. It was in the context of an 18-year... We said this provision is mandatory, didn't we? That is correct, Your Honor, but what Gonzales-Merrill didn't address was the issues here. That was in the context of a motion for reduction in sentence. What that court didn't address was whether the application of 5G1.3B involved a procedural error or calculation of the guideline range, and more importantly here to the court's discussion of whether... Clearly does not involve the calculation of the guideline range, does it? I mean, that commentary I read earlier when your adversary was speaking could not be clearer that this is not part of the calculation of the guideline range. It's after you've calculated the guideline range, determined what the appropriate sentence is, only then do you make this adjustment. That commentary is clear, isn't it? As far as that it's not a calculation of the guideline range, yes, Your Honor, we would agree with that, but back to Gonzales-Merrill, Your Honor, one of the things that is important in this case and it doesn't address is a district court's discretion under the advisory nature of the guidelines post-Booker as to whether 5G1.3B is mandatory in the context of the post-Booker world we live in. For example, in this case... What do you say about United States v. Knight where we vacated our mandatory sentencing because the district court had not adjusted the sentence? Certainly, Your Honor, and that case too is distinguishable for a number of reasons. The first, in the Knight, first of all, the United States agreed that remand was necessary, so the court didn't get into the analysis that we have here, but there were several arguments that were in play that aren't present in that case that are present here. First, in Knight, the court sentenced to a guideline range of 120 months, the statutory max. It is unclear from the opinion, but there appears to be no discussion about 5G1.3B at all. Second, whether 5G1.3B was advisory or whether the court was varying outside of the guidelines to reach a sentence, and of course, there was no variance in that case because it's sentenced to 120 months. That's different than what happened here. Here, the court did address 5G1.3B. It did consult the guidelines, but it noted that the guidelines are advisory and decided to have a variance outside of the guideline system. What was rendered advisory by the Booker decision was the statutory requirement in the Sentencing Reform Act that the district court sentence within the guideline range because that created a Sixth Amendment problem. The district court would be making findings of fact based on a preponderance of the evidence about a potential sentence and those facts could increase the defendant's punishment. That's not what's going on here. That's not what this provision is about. It's not about sentencing within the range. There's nothing in the Booker Remedial Opinion that I see that suggests that this kind of provision that applies after the sentence has been determined and makes an adjustment to credit a defendant for some time served on a related state sentence. There's nothing in Booker that suggests that that's advisory and we've referred to it as mandatory. Your Honor, a couple of responses to that. I understand this use of the language and shall understand the court's point. First, the government is not aware of a case that has delineated what is mandatory and what is not after Booker. The court has made clear that after Booker, the application of the guidelines as a whole as mandatory is now plain error. And second, Your Honor, as far as the application note 2D, that actually seems to slightly conflict with the actual instructions in the sentencing guidelines in 1B1.1 for how that's determined. For example, if you look in 1B1.18, that is the provision in which parts B through G of Chapter 5 are supposed to be addressed by the court. Then in 1B1.1B, the court is supposed to go on to parts H and K of Chapter 5. Only when you get to 1B1.1C does the court take into consideration all the applicable factors under 3553A. So in the guidelines itself, the application instructions guiding the district court for how to apply this provision actually requires the court to consider 5G1.3B along with all the other provisions of Chapter 5 prior to making its final sentencing determination and considering the factors under 3553A. And Your Honor, I think part of the issue here, and this goes back to why it's mandatory and how we look at the application note 2D, is again, this provision, the way 5G1.3B is, is an artifact, an amendment that occurred prior to Booker, but we're in the Booker world now where this court has made clear the guidelines or advisory. And it's simply, if the district court followed Henry's view that it was required to apply 5G1.3B in any sentence that the court made, then that would effectively be saying that the anything above 96 months, which would be... That's correct. That's right. And if the court, the district court followed that, that would have been committing a procedural error. That would be treating the guidelines as mandatory. And that simply... I would not be treating the guidelines range as mandatory because this is not part of the calculation of the guideline range. This is a sentencing reduction after the court has calculated the range and has determined what the appropriate sentence shall be, because it's an adjustment to a sentence. Certainly, Your Honor. Correct, Your Honor. But that would still be treating the guidelines system as mandatory, which district courts are not required to do in the same way that any other provision in Chapter 5 is not mandatory. For example, probation, Your Honor. In, for example, Chapter 5B1.2 sets out terms for probation. That provision also uses the word shall. That has nothing to do with the guideline range. But in that provision, it states quite clearly that for a base offense level of lower than six, it says that you shall not sentence someone to more than three years probation. But we know that provision's not mandatory because Section 18 U.S.C. 3561 authorizes up to five years of probation, even for a misdemeanor. So just like any other provision in Chapter 5, 5G1.3b can't be mandatory under Booker. And Your Honor, even if there was an error in this case, it would still be harmless because the district court clearly stated that 108 months was the reasonable sentence in this case. And the district court made very clear on the record that it was aware of 5G1.3b. On page 23 of the record, it stated to Mr. Henry, it was aware of the fact of the state conviction that he had received and the state time that he had already served. It was clearly aware of that. But the court stated that it was giving that sentence under all the circumstances in that case. And to the extent that I didn't give him credit, this is the court's quote on page 28 of the record, to the extent I didn't give him credit for the relevant conduct, which was the 5G1.3 adjustment from the 120 down, that would be an upward variance. But I'm also giving him credit for a concurrent sentence, which I don't give many of. So 108 is my judgment of a fair sentence under all the circumstances in this case. I'm glad you brought that up because there was a suggestion earlier that he had not considered 5G1. And the record shows that he did. Let me ask you a question sort of off the previous point. And that is, have you contemplated what the court sentencing options would have been had the state offense been prosecuted along with the incident offense? In other words, what if both offenses had been tried in federal court and been convicted of both? Have you thought about that at all? Your Honor, these guidelines would have applied whether he had been tried in federal court or not, or in state court. So the maximum would have been 120 months, even if both crimes had been prosecuted together. That's correct, Your Honor. And the government can see, I mean, the whole point of 5G1.3b is to consider if he had been sentenced for the same conduct at the same time. That sort of cuts against your argument then, doesn't it? Well, no, Your Honor, because again, the district court is afforded discretion to fashion a sentence under 3553A, and it did consider all those factors. The court was very aware. Yeah, and after it does that, and after it does that, it has the discretion to do that because the guideline ranges advisory. After it does that, it makes this adjustment, which we said is a mandatory adjustment. That is correct, Your Honor. And I understand what your point is in Gonzales-Muriel, but again, government's contention is that did not address the specific question here, whether under the advisory guideline system. I understand Your Honor's point. How would we say, well, yeah, we described that provision in that case as mandatory, but here we're going to hold that it is, in fact, advisory. How do we do that? Well, Your Honor, from the starting point, from what this court has held before, that you look at it through the lens that now after Booker, post-Booker, the guideline system is advisory so long as the court properly consults and considers the guidelines, which the court did here. Gonzales-Muriel was looking kind of at a 30,000-foot level of what the guidelines said and focused on the fact that the word shall is in 5G 1.3b. So you're just saying what we ought to say is that Gonzales-Muriel was wrong? In the context when it would conflict with Booker, absolutely, in that context, yes, it is correct in the sense that it's following the guidelines. It's a post-Booker decision, of course. That is correct, Your Honor, but I don't think it was addressing or the issues came up in that case that are present here. And I do want to get back, Your Honor, on that point to, there was a comment made from Judge Grant. Who did it's remaining? Regarding other circuits. And I think if the court did a survey, there are other circuits that have looked at 5G 1.3b and generally said after Booker, that is advisory, even with the use of the language shall. And that just makes sense. It would be a strange... Here's the problem. If you go read Justice Breyer's opinion in Booker, what his opinion said was invalid was 18 U.S.C. section 3553b.1. That's the provision that requires sentencing courts to in the applicable guideline range. That's not what we're dealing with here. And we would agree this is not in the guideline range, but I'm also not aware of a case... That's the provision that was made advisory, that they had to excise effectively to avoid the Sixth Amendment problem. Yes, Your Honor, but as far as the government's reading, the precedent that's come out from this court and other courts since then has not parsed out the guidelines in that way. They've used broad language to describe the guidelines as a whole as advisory post Booker. Maybe that's why we need to hear oral argument in this case and have a published opinion. And Your Honor, I think also too one of the things the court would want to consider in this is clarity to the district courts, because since Booker, this court has been very clear in drilling into its opinions that the guidelines are advisory and it would be confusing in an odd scenario after Booker if there is one provision that would somehow still be mandatory post Booker. Thank you, Your Honor, we have the court to affirm. Thank you. We will hear a couple minutes of rebuttal. Thank you, Your Honor. This is Mackenzie Wand again on behalf of Mr. Christopher Henry. The government's attempt to distinguish Gonzales Murillo is unpersuasive. Gonzales Murillo is binding precedent. It is a 3582 C2 case, but it was necessary to the holding for the court to reach whether 5G1.3b was a mandatory adjustment or discretionary departure. In that case, the government argued that 5G1.3 was discretionary and therefore the defendant was ineligible for a sentence reduction below the 87-month amended guideline range. This court expressly rejected the argument, determined that 5G1.3b was a mandatory adjustment that the sentencing court was required to apply. And frankly, the government's argument in its brief was that the Eighth Circuit precedent in Helm should apply, but Helm is also a 3582 C2 case. So if you accept the relevance of Helm, you are also necessarily accepting the relevance of Gonzales Murillo. And effectively, the government's argument is just an attempt to relitigate Gonzales Murillo, which this court cannot do without taking the case en banc. The government's attempt to distinguish Knight is likewise unpersuasive. The court reviewed the district court's failure to apply the adjustment and vacated and remanded with instructions for it to apply the adjustment. It is true that the government had confessed error there, right? Well, I agree, Your Honor, but frankly, I think that's quite meaningless. This court has said time and time again that the concessions of the parties are not binding on the court. Yes. Which explains why there wasn't much analysis of the issue in Knight, but nevertheless was part of its holding. That's correct, Your Honor. I believe I'm out of time, so if there are no further questions, thank you. Thank you. We have your case.